McGREGOR W. SCOTT
United States Attorney
MARLON COBAR
Assistant U.S. Attorney
Suite 4401, Federal Courthouse
2500 Tulare Street
Fresno, California 93721
Telephone:  (559) 497-4000


IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. F. NO. 04-5356 AWI |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF PLEA AGREEMENT |
| | ) | PURSUANT TO RULE 11(c)(1)(C) OF |
| v. | ) | THE FEDERAL RULES OF |
| | ) | CRIMINAL PROCEDURE |
| | ) | |
| NIJJAR BROTHERS TRUCKING, INC., | ) | Date: September 22, 2006 |
| | ) | Time: 3:30 p.m. |
| Defendant. | ) | Courtroom: Two |
| | ) | Honorable Anthony W. Ishii |
| | ) | |

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by and through McGREGOR W. SCOTT, the United States Attorney for the Eastern District of California, and MARLON COBAR, Assistant United States Attorney, and the defendant, NIJJAR BROTHERS TRUCKING, INC., and its attorney ANTHONY P. CAPOZZI, have agreed as follows[1]:

---

[1] The defendant acknowledges that this plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

1.   Charges.

The defendant NIJJAR BROTHERS TRUCKING, INC. acknowledges
that it has been charged in a felony Information, in the Eastern
District of California with violations of Title 18, United States
Code, Sections 1001 and 2 - Aiding and Abetting False Statements
to a Government Agency.

2.   Specific Sentence Agreement.

(a)  The government and the defendant agree that a specific
sentence, as set forth below in Section 3, is appropriate in this
case.  Consequently, this Memorandum of Plea Agreement is being
offered to the Court pursuant to Federal Rule of Criminal
Procedure 11(c)(1)(C).  Under the provisions of Federal Rule of
Criminal Procedure 11(c)(3)(A), the Court may accept or reject the
agreement, or it may defer its decision or rejection until there
has been an opportunity to consider the Presentence Report.  If
the Court accepts the Memorandum of Plea Agreement, the Court will
inform the defendant that it will impose judgement and sentence in
accordance with the disposition provided for in this Memorandum of
Plea Agreement.  If the Court rejects this Memorandum of Plea
Agreement, the Court shall so advise the defendant, allow the
defendant the opportunity to withdraw its plea and advise the
defendant that if it persists in a not guilty plea, the
disposition of the case may be less favorable to the defendant
than that contemplated by the Memorandum of Plea Agreement.

3.   Proposed Sentence.

(a)  The parties agree that the defendant, NIJJAR BROTHERS
TRUCKING, INC., should receive the following sentence in this
case:

(1)   At the time of sentencing, the defendant shall pay a criminal fine in the amount of FIFTY THOUSAND DOLLARS ($50,000.00).  This amount shall be clearly labeled and paid by cashier's check and made payable to: "CLERK, UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA."

(2)   At the time of sentencing, the defendant shall pay a special assessment in the amount of FOUR HUNDRED DOLLARS ($400.00).  This amount shall be clearly labeled and paid by cashier's check and made payable to: "CLERK, UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA."

(3)   At the time of sentencing, the defendant will have dissolved as a corporation.  To this end, by the time of sentencing, the defendant will notify the Secretary of State for the State of California of its dissolution in writing. Furthermore, by the time of sentencing, the defendant will notify the Federal Motor Carrier Administration of its dissolution in writing, requesting that its assigned Federal Motor Carrier Number be canceled.

(4)   In exchange for the defendant's guilty plea, the government will dismiss all remaining counts as to this defendant at the time of sentencing.

4.   <u>Waiver of Presentence Report and Objections</u>.

(a)   The defendant understands that it has a right to an independent investigation into this case and its background by the United States Probation Office which would then prepare a Presentence Report ("PSR") and submit it to the Court. Nonetheless, the defendant agrees to waive its right to such an investigation and to a PSR, and agrees that the Court may sentence

it based on the information contained in the captioned
Information, the Memorandum of Plea Agreement and the Court's
file.

(b)  Without limiting the foregoing, the defendant
specifically waives all provisions of Rule 32(c) of the Federal
Rules of Criminal Procedure.  The parties jointly request that the
Court, pursuant to Rule 32(c), make a finding that there is
sufficient information in the record to enable the meaningful
exercise of authority pursuant to 18 U.S.C. § 3553, and that the
Court explain this finding on the record.

(c)  If the Court agrees, the government and the defendant
jointly agree to recommend that the defendant be arraigned and
plead guilty to the captioned Information on the same day.  The
parties will jointly recommend that the court schedule sentencing
at the time that it will schedule sentencing in the case of co-
defendants SURRINDER SINGH NIJJAR  and AMRITPAL P. SINGH in the
above-captioned case.

5.   <u>Agreements by the Defendant</u>.

(a)  The defendant agrees that this plea agreement shall be
filed with the Court and become a part of the record in the case.

(b)  The defendant agrees to enter a plea of guilty to the
captioned Information, charging it with Aiding and Abetting False
Statements to a Government Agency, in violation of Title 18,
United States Code, Sections 1001 and 2.  The defendant has been
advised of its right to proceed in this case by an indictment
returned by a Grand Jury sitting in this district.  However, it
hereby waives that right and agrees to proceed through the
captioned Information.  Furthermore, the defendant agrees that it

1  is in fact guilty of this charge and that the facts set forth in
2  the factual basis of this agreement are true and accurate.

3      (c)   The defendant is aware that Title 18, United States
4  Code, Section 3742 affords a defendant the right to appeal the
5  sentence imposed.  Acknowledging this, the defendant knowingly and
6  voluntarily agrees to waive all Constitutional and statutory
7  rights to appeal, including, but not limited to an express waiver
8  of appeal of this plea (including venue and statute of
9  limitations) and to attack collaterally her mental competence, and
10 her plea, whether by way of a motion pursuant to 28 U.S.C. §2255,
11 18 U.S.C. §3742, or otherwise.   The defendant knowingly and
12 voluntarily waives the right to appeal any sentence which is in
13 accordance with the maximum provided in the statute(s) of
14 conviction (or the manner in which that sentence was determined)
15 on the grounds set forth in Title 18, United States Code, Section
16 3742 or on any ground whatever, in exchange for the concessions
17 made by the United States in this plea agreement.  Except for a
18 claim of ineffective assistance of counsel, the defendant also
19 waives its right to challenge her sentence or the manner in which
20 it was determined in a post-conviction attack, including but not
21 limited to a motion brought under Title 28, United States Code,
22 Section 2241 or 2255.

23     If the defendant's conviction on the counts to which she is
24 pleading are ever vacated at the defendant's request, or her
25 sentence is ever reduced at her request, the government shall have
26 the right (1) to prosecute the defendant on any of the counts to
27 which she pleaded guilty; (2) to reinstate any counts that may be
28 dismissed pursuant to this Agreement; and (3) to file any new

charges that would otherwise be barred by this Agreement.  The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.  By signing this Agreement, the defendant agrees to waive any objections, motions, and defenses she might have to the government's decision, including Double Jeopardy.  In particular, she agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

(d) The defendant agrees to waive all rights under the "Hyde Amendment", Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Agreement and any charges previously dismissed).

(e) The defendant hereby acknowledges the benefits it has received pursuant to the plea disposition set forth in this Memorandum of Plea Agreement and its guilt of the offense to which it is pleading guilty.

6.  <u>Agreements by the Government</u>.

(a)  This agreement does not prevent the government from providing any and all information concerning the offenses to which the defendant is pleading guilty and other relevant conduct to the Probation Office and/or the Court upon request and in connection with the defendant's sentence.  However, the government acknowledges that under section 4 of this agreement, the defendant

agrees to waive its right to a Presentence Report, and agrees that the Court may sentence it based on the information contained in the captioned Information, the Memorandum of Plea Agreement and the Court's file.

(b)   If the Court agrees, the government and the defendant jointly agree to recommend that the defendant be arraigned and plead guilty to the captioned Information on the same day.  The parties will then jointly recommend that the court schedule sentencing at the time that it will schedule sentencing in the case of co-defendants SURRINDER SINGH NIJJAR and AMRITPAL P. SINGH in the above-captioned case.

(c)   The government will recommend that the defendant receive the specific sentence jointly recommended by the parties in Section 3 of this agreement.  The government does not recommend any further reductions or enhancements of that sentence.

(d)   The government agrees that no further criminal charges, civil actions or administrative proceedings will be brought by the United States Attorney's Office for the Eastern District of California or the Federal Motor Carrier Safety Administration, against NIJJAR BROTHERS TRUCKING, INC. and its present or former officers and employees, based in whole or in part on the investigation by the United States Department of Transportation's Office of Inspector General and the Federal Motor Carrier Safety Administration, giving rise to this plea agreement and the facts set out in the factual basis below.  This agreement shall not exclude the institution of criminal prosecutions as a result of independent investigations begun subsequent to the date of the filing of this plea agreement.

(e)   Other than the above-captioned case, the government agrees that the United States Attorney's Office for the Eastern District of California is not aware of any criminal, civil or administrative proceedings or investigations, based in whole or in part on the U.S. Department of Transportation's investigation giving rise to this plea agreement and the facts set out in the factual basis below, that are currently being conducted by any federal government agency against NIJJAR BROTHERS TRUCKING, INC. and its present or former officers and employees.

7.   <u>Nature, Elements, Possible Defenses, and Factual Basis</u>.

(a)   The defendant's duly authorized representative has read the charges contained in the captioned Information, and those charges have been fully explained to the defendant by its attorneys.

(b)   The defendant fully understands the nature and elements of the crime with which it has been charged, together with the possible defenses thereto, and has discussed them with its attorneys.

(c)   The elements of the crime of Aiding and Abetting False Statements to a Government Agency, in violation of Title 18, United States Code, Sections 1001 and 2, are as follows:

<u>First</u>, that a person made a false statement to a government agency.

A person makes a false statement to a government agency if that person: (1) makes the false statement within the jurisdiction of a government agency or department of the United States; (2) acts wilfully, that is deliberately and with knowledge that the statement was untrue; and (3) the statement was material to the

government agency or department in that it could have influenced
its decisions or activities.

Second, that the defendant knowingly and intentionally aided,
counseled, commanded, induced or procured that person to make a
false statement to a government agency.

Third, that the defendant acted before the crime was
completed.

(d)   The defendant will plead guilty because it is in fact
guilty of the crimes set forth in the captioned Information.  The
defendant also agrees that the following are the facts of the
case, although it acknowledges that, as to other facts, the
parties may disagree:

At all relevant times, the defendant was a
corporation organized under the laws of the State of
California.  Its principal business was the intrastate
and interstate transportation of produce and dry goods.
In so doing, the company's truck drivers would
transport said produce and dry goods to and from
California and neighboring western states.

At all relevant times, the defendant held United
States Department of Transportation Motor Carrier
Number 482310, which authorized its employees to drive
commercial motor vehicles in interstate commerce.  As
such the defendant and its truck drivers were subject
to regulation by the Federal Motor Carrier Safety
Administration ("FMCSA"), an agency of the United
States Department of Transportation charged with
enforcing trucking safety laws and regulations.  The
FMCSA's regulation of truck drivers includes
limitations on the maximum number of daily allowable
driving hours and required hours off-duty, in order to
protect the public from commercial trucking-related
accidents caused by fatigued truck drivers operating on
the nation's highways.

At all relevant times, under Title 49 Code of
Federal Regulations, Section 395.8, truck drivers were
required to keep accurate records of duty status known
as Driver's Daily Logs ("DDL"), in their own
handwriting, listing a wide variety of information,
including when a driver is "off duty," when he or she
is in "sleeper berth," when the driver is actually

9

driving, and when the driver is "on duty/not driving."
These logs also include the location and time of each
change of status, total miles driven each day, truck or
tractor and trailer number, name of carrier, 24 hour
starting time, main office address, name of co-driver
total hours, and shipping document numbers relating to
the days' activities.  Drivers are required to sign the
logs, and to enter them in their own handwriting.
Their signature certifies that all entries are true and
correct.

At all relevant times, under Title 49 Code of
Federal Regulations, Section 395.8(a), trucking
companies are required to ensure that their drivers
keep the logs described herein.  Trucking companies are
also required under Title 49 Code of Federal
Regulations, Section 395.8(k) to collect and retain
those daily logs along with all supporting documents,
such as toll tickets, shipping documents, trip reports,
payroll records, fuel receipts, dispatch records, and
any other records, for a period of six months from date
of receipt.  Under Title 49 Code of Federal
Regulations, Section 395.8(e), failure to complete the
record of duty activities of Section 395.8 or 395.15,
failure to preserve a record of such duty activities or
making of false reports in connection with such duty
activities shall make the driver and/or the carrier
liable to criminal prosecution, for among other
violations, false statements to the United States
Department of Transportation.

On or about August 26, 2003, within the State and
Eastern District of California, the defendant NIJJAR
BROTHERS TRUCKING, INC. knowingly and intentionally
aided and abetted the following false statement to the
United States Department of Transportation and the
Federal Motor Carrier Safety Administration, a
department and an agency  of the United States of
America, by permitting commercial truck driver A.D. in
the course of his employment, to file a falsified
Driver's Daily Log with the company, in violation Title
49 Code of Federal Regulations, Section 395.8 and Title
18, United States Code, Sections 1001 and 2:

On or about August 26, 2003, commercial truck driver
A.D. knowingly, willfully falsified, concealed, and covered
up by trick, scheme and device, certain material facts, and
aided and abetted the same, that is, the preparation and
maintenance for inspection by the Federal Motor Carrier
Safety Administration, of various entries contained in his
federally-required Records of Duty Status, commonly known as
a Driver's Daily Log, while employed by NIJJAR BROTHERS
TRUCKING, INC. which the defendant knew to be false and
fictitious.

10

Specifically, on or about August 26, 2003, A.D. falsely entered in his federally-required Driver's Daily Log that he was "off duty," when in truth and in fact he was picking up a load of produce between 9:18 p.m. and 10:49 p.m. in Castroville, CA and another load of produce in Salinas, CA.  A.D. signed his Driver's Daily Log as true and accurate and filed it for maintenance and inspection by the Federal Motor Carrier Safety Administration with his employer, NIJJAR BROTHERS TRUCKING, INC.  The corporate defendant accepted and caused the aforementioned Driver's Daily Log to be kept at NIJJAR BROTHERS TRUCKING, INC. for maintenance and inspection by the Federal Motor Carrier Safety Administration.  The defendant did so in order to make it appear as if the corporation and commercial truck driver A.D. were abiding by applicable laws and regulations regarding the maximum number of daily allowable driving and off-duty hours for commercial interstate truck drivers.

8.   <u>Potential Sentence</u>.

The defendant understands that should the Court reject this plea agreement being offered by the parties, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and the defendant subsequently elects not to withdraw its guilty plea contained herein, the court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 125 S.Ct. 738 (2005), and must take them into account when determining a final sentence.  The defendant understands that, in such an event, the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines.  The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree,

11

1    not adequately taken into consideration by the Sentencing

2    Commission in formulating the Guidelines.  Defendant further

3    understands that the Court, after consultation and consideration

4    of the Sentencing Guidelines, must impose a sentence that is

5    reasonable in light of the factors set forth in 18 U.S.C. §

6    3553(a).  The defendant understands that the following is the

7    maximum potential sentence it faces in the captioned Information:

8          (a)   Probation.

9                Maximum: Five (5) years.

10         (b)   Fine.

11               Maximum:   $250,000.00.

12         (c)   Both such fine and probation.

13         (d)   Penalty Assessment.

14               Mandatory:   $400.00.

15         9.    <u>Waiver of Rights</u>.

16         The defendant understands that by pleading guilty it

17   surrenders certain rights, including the following:

18         (a)   If the defendant persisted in a plea of not guilty to

19   the charges against it, it would have the right to a public and

20   speedy trial.  The trial could be either a jury trial or a trial

21   by a judge sitting without a jury.  The defendant has a right to a

22   jury trial.  However, in order that the trial be conducted by a

23   judge sitting without a jury, the defendant, the government and

24   the judge all must agree that the trial be conducted by a judge

25   without a jury.

26         (b)   At trial, the defendant would have the right to be

27   assisted by an attorney, who would be appointed if necessary.

28   //

1        (c)  If the trial were a jury trial, the jury would be

2   composed of twelve lay persons selected at random.  The defendant

3   and its attorneys would have a say in who the jurors would be by

4   removing prospective jurors for cause where actual bias or other

5   disqualification is shown, or without cause by exercising

6   peremptory challenges.  The jury would have to agree unanimously

7   before it could return a verdict of either guilty or not guilty.

8   The jury would be instructed that the defendant is presumed

9   innocent and that it could not convict it unless, after hearing

10  all the evidence, it was persuaded of its guilt beyond a

11  reasonable doubt.

12       (d)  If the trial were held before a judge without a jury,

13  the judge would find the facts and determine, after hearing all

14  the evidence, whether or not he was persuaded of the defendant's

15  guilt beyond a reasonable doubt.

16       (e)  At a trial, whether by a jury or a judge, the government

17  would be required to present its witnesses and other evidence

18  against the defendant.  The defendant would be able to confront

19  those government witnesses and its attorneys would be able to

20  cross-examine them.  In turn, the defendant could present

21  witnesses and other evidence on its own behalf.  If the witnesses

22  for the defendant would not appear voluntarily, it could require

23  their attendance through the subpoena power of the Court.

24       (f)  At a trial, the defendant would have a privilege against

25  self-incrimination so that its duly authorized officers and

26  representatives could decline to testify, and no inference of

27  guilt could be drawn from their refusal to testify.

28  //

(g)   The defendant understands that by pleading guilty it is waiving all of the rights set forth above and the defendant's attorneys have explained those rights to its duly authorized representative and the consequences of a waiver of those rights on behalf of the corporate defendant.

10.   Questions by Court.

The defendant understands that if the Court questions its duly authorized representative under oath, on the record and in the presence of counsel, about the offenses to which it has pleaded guilty, his answers, if false, may later be used against him in a prosecution for perjury or false statement.

11.   Entire Agreement.

The defendant and its attorneys acknowledge that no threats, promises or representations have been made, nor agreements reached, other than those set forth in this Memorandum of Plea Agreement, to induce the defendant to plead guilty.

12.   Court not a Party.

It is understood by the parties that the sentencing Court is neither a party to nor bound by this agreement and the sentencing judge is free to impose the maximum penalties as set forth in Section 8 above.  Also, should the Court fail to follow any or all of the government's sentencing recommendations, the defendant will not be allowed to withdraw its plea.  With that understanding, the parties agree that the provisions of Section 2 above govern the submission of this Memorandum of Plea Agreement.  Thus, if the Court rejects this Memorandum of Plea Agreement, the Court shall so advise the defendant, allow the defendant the opportunity to withdraw its plea and advise the defendant that if it persists in

14

1 | a not guilty plea, the disposition of the case may be less

2 | favorable to the defendant than that contemplated by the

3 | Memorandum of Plea Agreement.

4 |       13.  <u>Right to Counsel</u>.

5 |       The defendant understands that it has a right to counsel

6 | throughout this case from its initial appearance through trial or

7 | guilty plea or dismissal of the case against it and through and

8 | including any sentencing.  Unless waived in this plea agreement,

9 | the defendant has a right to counsel for a direct appeal in this

10 | case.  The defendant understands that the right to counsel

11 | includes the provision of defense counsel through the Court if the

12 | defendant cannot afford to hire counsel.

13 | DATED: September 2 7, 2006      McGREGOR W. SCOTT
                                    United States Attorney

16 |                                 By
17 |                                    MARLON COBAR
                                    Assistant U.S. Attorney

21 | DATED: September 2 2, 2006      SURINDER SINGH NIJJAR
22 |                                 President,
                                    NIJJAR BROTHERS TRUCKING, INC.

26 | DATED: September 2 2, 2006      ANTHONY P. CAPOZZI
27 |                                 Attorney for Defendant
                                    NIJJAR BROTHERS TRUCKING, INC.

28 |